THEO MCGREW, APPELLANT, v. RAY V. MCGREW, APPELLEE.

FILED JUNE 29, 1910. No. 15,932.

Divorce: EXTREME CRUELTY: EVIDENCE. In an action for divorce on the ground of extreme cruelty, not only the specific acts of cruelty alleged and proved against the defendant, but conditions caused by defendant which occasion and aggravate such acts of cruelty should also be considered. Cruel conduct is not limited to acts of personal violence.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Reversed with directions.*

*T. J. Doyle* and *G. L. De Lacy,* for appellant.

*C. S. Wilson, Bernard McNeny* and *W. C. Dorsey,* contra.

SEDGWICK, J.

This case was submitted upon the briefs and oral argument on behalf of the plaintiff only. The action is for divorce upon the ground of extreme cruelty. The district

court found for the defendant and dismissed the case, and the plaintiff appealed to this court.

The record is very voluminous. For the most part the specific acts of cruelty charged in the pleadings and evidence are of such a nature as by themselves would seem to justify the conclusion of the trial court. There is, however, proof in the record of conditions that existed prior to the marriage, for which the defendant is himself wholly responsible, that not only aggravate the acts of cruelty alleged and proved, but, as we understand the evidence, were the principal cause of the misunderstandings between the parties, and furnished the real reason for all their troubles. The defendant's condition of which the plaintiff complains, and which furnishes her principal reason for concluding that it is impossible for her to live with him, is, we think, fully established by the evidence. There is the direct and positive evidence of one competent and apparently disinterested witness, and the evidence of another witness to the plain admissions of the defendant, besides the corroborative evidence of the plaintiff herself and of her mother. The defendant directly contradicts this evidence, but his answers to questions, although positive, are somewhat evasive, and he furnished but one witness to support him. This witness appears to be competent, but he makes admissions in his evidence which tend strongly to corroborate the plaintiff's witnesses. The details of the evidence of these various witnesses are not of such a nature as to make it desirable to reproduce the evidence here. It is sufficient to say that we are satisfied from this evidence that the plaintiff has just cause to complain, and that in the light of this evidence the actions of the defendant to the plaintiff, as disclosed by the record, constitute extreme cruelty within the meaning of the statute, and that the plaintiff is entitled to a decree of divorce, as prayed.

There is one child of the parties, which is being cared for by the plaintiff and has been during the pendency of this action, and which should be left to her care and cus-

tody until the further order of the district court, with the provision allowing the defendant to visit the child at suitable times. The evidence shows that the defendant, during the existence of the marriage, owned a house and lot and some other property consisting of bank stock and other securities, and that, being indebted for this property, his father assisted him and has taken over most of the property as security in so doing. The evidence in regard to the financial ability of the defendant is not entirely satisfactory, but according to his evidence his property at the time of the trial was worth about $3,000 net. He is an active man, engaged in business apparently profitable. We think he should pay the plaintiff $1,500, and contribute to the support of the child $25 a month from January 1, 1908, about the time of the commencement of this action, until the further order of the district court. These amounts should be paid as follows: $250 of the said $1,500 within 30 days, together with the accrued amounts of said monthly payments for the support of the child, and $500 within 6 months; $500 within one year, and the remaining $250 within 18 months from the filing of this opinion.

The judgment of the district court is reversed and the cause remanded, with instructions to enter a decree in accordance with this opinion. All costs will be taxed against the defendant.

REVERSED.

REESE, C. J., not sitting.